IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Cheryl Gandy, | ) | Case No.: 2:25-cv-13369-BHH |
| Plaintiff, | ) | |
| | ) | COMPLAINT |
| | ) | |
| vs | ) | |
| | ) | |
| | | |
| The United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, complaining of the Defendant above-named, hereby alleges and pleads as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U S.C. § 2671 et seq. Jurisdiction is founded on 29 U.S.C. §§1346(b).

2. In accordance with 28 U.S.C. § 1391, venue is proper in the Charleston Division of the District of South Carolina as a substantial part of the events giving rise to the claim occurred there.

3. This suit arises from a slip and fall that occurred at Ralph H Johnson VA Medical Center in Charleston County, South Carolina, on June 14, 2024.

4. Plaintiff previously submitted a claim based on the allegations herein to the United States Department of Veteran affairs for administrative settlement on April 7, 2025. The Department of Veteran affairs has not responded in over six months. Accordingly, Plaintiff has complied with the requirements of the

Federal Tort Claims Act for the timely filing of claims and hereby institutes the present lawsuit.

## PARTIES

5. The Plaintiff, Cheryl Gandy, is a resident of the County of Horry, South Carolina

6. The United States Department of Veterans Affairs is, and was at all times relevant herein, a governmental agency of Defendant United States of America. Pursuant to the requirements of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., Defendant United States of America is the properly named defendant in this lawsuit.

## FACTUAL FOUNDATION FOR THIS ACTION

7. On or about June 14, 2024, Cheryl Gandy was at the Ralph H. Johnson VA Medical Center to attend a doctor's appointment for her husband.

8. At the time and place above, Plaintiff tripped and fell on a vertical rise at an uneven transition in the floor in the hallway of Ralph H  Johnson VA Medical Center.

9. The area where the Plaintiff fell was an area where customers normally and customarily walk and frequent.

10. The area had no warnings posted warning the Plaintiff of the hazardous condition

11. The Defendants knew or should have known of the condition on the premises and that it created a hazardous condition for the Plaintiff and other business invitees.

12. As a result of this accident the Plaintiff has incurred and will continue to incur substantial medical expenses, loss of enjoyment of life, pain and suffering, future impairment, property damage and lost wages.

13. As a direct and proximate result of Defendant's actions and omissions and the automobile collision of June 14, 2024, Plaintiff has sustained property damages, pain, suffering, discomfort, actual damages, medical expenses, lost wages, impairment of health and bodily efficiency, emotional distress, and mental anguish.

14. Plaintiff has been compelled to expend, and may in the future be compelled to expend, significant sums of monies for medical treatments and for the services of medical providers as a direct result of injuries sustained in this collision.

**FOR A FIRST CAUSE OF ACTION – NEGLIGENCE**

15. Plaintiff re-alleges the allegations of the foregoing Paragraphs as if restated herein verbatim

16. That the Defendants, individually and by and through the aforementioned actions or omissions of their agents and servants, employees, and/or subsidiaries, who were acting within the scope and employment of said agency, service and/or employment were negligent, reckless, careless, willful, wanton, and/or grossly negligent in the following particulars to wit:

   a. In permitting the premises to remain in its current un-kept and un-maintained condition, thus creating a hazardous condition that the Defendant knew or should have known that such created an unreasonable risk of injury to Plaintiff and other business invitees;

   b. In failing to keep their premises free from hazards;

   c. In failing to keep the premises free from any obvious and latent defects;

   d. In failing to properly and adequately warn the Plaintiff or other business invitees of unreasonable risks or hazards which existed on the Defendant's

premises;

e. In failing to exercise that degree of care which a reasonably prudent premise owner would exercise under the same and similar circumstances;

f. In failing to maintain a reasonably safe environment for its business invitees;

g. In failing to exercise that degree of due care and caution that a reasonable prudent business would have used under same or similar circumstances;

h. In failing to keep the entrance and surrounding areas in a reasonably safe condition;

i. In failing to properly hire, train, and supervise its employees;

j. In creating a condition or activity on the premises that would prevent a reasonable person to apprehend a defect which would potentially cause injuries to someone on its premises and did so;

k. In failing to discover unsafe conditions upon the Defendant's premises;

l. In failing to have policies and procedures in place for the sweeping or maintaining of the premises and thoroughfares or if such policies and procedures existed, in failing to follow the same;

m. In failing to prevent the injury caused to the Plaintiff that the Defendant and/or its agents had actual and/or constructive knowledge of such dangerous condition an failed to remedy it;

n. In failing to have warnings posted;

o. In operating the business and maintaining its premises in utter disregard for the safety of its invitees;

p. In failing to maintain and repair its premises; and

q. In all other and further particulars that the evidence at trial may show.

All of which combined and concurred as a direct and proximate result the injuries that the Plaintiff alleged herein.

17. That as a direct and proximate result of the aforementioned conduct of the Defendants, the Plaintiff suffered severe, permanent and debilitating injuries, including great pain and suffering in the past, present and future, causing her to incur past, present and future medical expenses, shock, embarrassment, mental distress, permanent injury and impairment, mental anguish, emotional distress, as well as loss of enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, including damages for physical injury and harm, property damages, past and future medical expenses, past and future physician and mental pain and suffering, emotional and psychological damage, loss of enjoyment of life, the costs of this action, and for any additional relief this Court deems just and proper.

*SIGNATURE PAGE FOLLOWS*

Respectfully Submitted,

CAVANAUGH AND THICKENS, LLC

*S/ William H. Yarborough, Jr.*
Joseph O. Thickens, Fed ID No. 11732
William H. Yarborough, Jr., Fed ID No. 12465
Cavanaugh & Thickens, LLC
1717 Marion Street (29201)
Post Office Box 2409
Columbia, SC 29202
Tel:  (803) 888-2200
Fax: (803) 888-2219
Joe@ctlawsc.com
will@ctlawsc.com

Columbia, South Carolina

November 12, 2025